THE LAW FIRM OF
# KARP HEURLIN WEISS
3060 NORTH SWAN ROAD, SUITE 100
TUCSON, ARIZONA 85712-1225
TEL (520) 325-4200
FAX (520) 325-4224

Bruce R. Heurlin, SBN 003214, PCC #25508   bheurlin@khw-law.com
Eric J. McNeilus, SBN 021928, PCC #65716   emcneilus@khw-law.com
Kevin M. Sherlock, SBN 017489, PCC #65177   ksherlock@khw-law.com
Attorneys for Plaintiff Cytologix Corporation

KIRKPATRICK & LOCKHART
  PRESTON GATES ELLIS LLP       Of Counsel
State Street Financial Center
One Lincoln Street
Boston, Massachusetts  02111
(617) 261-3100 Telephone
(617) 261-3175 Facsimile
Michael E. Zeliger       michael.zeliger@klgates.com
David A. Simons          david.simons@klgates.com
Jackson Ho               jackson.ho@klgates.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CYTOLOGIX CORPORATION, a Massachusetts corporation<br><br>　　　　　　　　　Plaintiff,<br>　vs.<br><br>VENTANA MEDICAL SYSTEMS, INC., a Delaware corporation,<br>　　　　　　　　　Defendant. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |

CytoLogix Corporation ("CytoLogix") alleges:

## The Parties

1.　　CytoLogix is a corporation organized and existing under the laws of the Commonwealth of Massachusetts.

2.　　Ventana Medical Systems, Inc. ("Ventana"), is, upon information and belief, a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1910 Innovation Park Drive, Tucson, Arizona 85755.

**Jurisdiction and Venue**

3. This is an action for patent infringement, arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Ventana is subject to personal jurisdiction in this District pursuant to Rule 4.2, Arizona Rules of Civil Procedure.

6. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

**Background**

7. CytoLogix and Ventana have been involved in numerous patent litigation disputes in this district and elsewhere concerning CytoLogix' patented slide staining technology.

8. On December 22, 2003, a jury found Ventana liable for infringing CytoLogix' U.S. Patent Nos. 6,180,061 and 6,183,693 ("the '061 patent" and "the '693 patent"). (See Civil Action No. 00-12231; Docket Number 275.)

9. Earlier this year, a subsequent jury in the same civil action awarded substantial damages to CytoLogix. (Docket Number 608)

10. In a purported effort to design around the '061 and '693 patents, Ventana released two new instruments entitled the Benchmark XT and Benchmark LT, which Ventana is currently making, using, selling, and offering to sell.

11. On April 15, 2004, CytoLogix filed a patent infringement action against Ventana in which it alleged that the Benchmark XT and Benchmark LT instruments infringe its U.S. Pat. No. 6,541,261 B1 patent ("the '261 patent") (now Civil Action No. 04-17783 and hereinafter referred to as "the '04 litigation").

12. A key contested issue in the '04 litigation is whether use of the Benchmark XT and Benchmark LT instruments involves "moving [a] platform and a liquid dispenser relative to each other." ('261 Patent, Claim 1).

13.   During a combined Markman and claim construction hearing in the '04 litigation, counsel for Ventana argued that there is a distinction between the phrases "moving [a] platform and a liquid dispenser relative to each other" and "relative movement."

14.   Ventana's counsel also admitted on behalf of Ventana that if the '261 patent had claimed relative movement, we "wouldn't be debating anything" and "*we would be an infringer*." (Docket Number 63, pg. 48, emphasis added)

15.   Following Ventana's admission, CytoLogix sought new patent claims that specifically claim relative motion.

16.   During the prosecution of that application, CytoLogix explained:

> "[Relative movement between the reagent dispenser and the microscope slide" could result from either the reagent dispenser or the microscope slide, or both, moving the relative to the instrument base. Movement of either as the other remains stationary relative to the instrument base causes relative movement between the reagent dispenser and the microscope slide.

17.   On May 17, 2007, CytoLogix' U.S. Patent No 7,217,392 entitled, "Random Access Slide Stainer with Independent Slide Heating Regulation" ("the '392 patent") issued. A copy of the '392 patent is attached hereto as **Exhibit A**.

18.   The '392 patent claims, *inter alia*, "relative motion between the reagent dispenser and microscope slide." ('392 Patent, Claim 1).

19.   The Benchmark XT and Benchmark LT are covered by all other limitations of at least claim 1 of the '392 patent.

## Count I

20.   CytoLogix is the owner by assignment of the '392 patent. The '392 patent was duly and legally issued by the United States Patent and Trademark Office on May 15, 2007.

21.   Upon information and belief, Ventana has infringed at least claim 1 of the '392 patent by making, using, offer to sell, and/or selling its Benchmark XT and

3

Benchmark LT instruments.  The infringement will continue unless enjoined by this Court.

22. Upon information and belief, infringement of the '392 patent has been and continues to be willful.

23. CytoLogix has been damaged by Ventana's infringement of the '392 patent.

## Count II

24. CytoLogix is the owner by assignment of the '061 patent.  The '061 patent was duly and legally issued by the United States Patent and Trademark Office on January 30, 2001.  A copy of the '061 patent is attached to this Complaint as **Exhibit B**.

25. Upon information and belief, Ventana has infringed at least claim 1 of the '061 patent by making, using, offer to sell and/or selling its Benchmark XT and Benchmark LT instruments.  The infringement will continue unless enjoined by this Court.

26. Upon information and belief, infringement of the '061 patent has been and continues to be willful.

27. CytoLogix has been damaged by Ventana's infringement of the '061 patent.

**WHEREFORE**, CytoLogix demands that this Court:

A. Enter judgment that Ventana has infringed the '392 patent and the '061 patent;

B. Enter an order enjoining Ventana, its agents, and employees, and any others acting in concert with it from infringing the '392 patent and the '061 patent;

C. Award CytoLogix its damages resulting from Ventana's patent infringement pursuant to 35 U.S.C. §284;

D. Find that Ventana's infringement has been willful and increase the damages awarded to CytoLogix three times the amount assessed, pursuant to 35 U.S.C. §284;

E. Find this to be an exceptional case and award CytoLogix its attorneys fees, pursuant to 35 U.S.C. §285;

F. Award CytoLogix its prejudgment and post judgment interest on its damages;

1  G. Award CytoLogix its costs; and

2  H. Award CytoLogix such other and further relief as it deems just and appropriate.

Pursuant to Rule 38, Federal Rules of Civil Procedure, Cytologix demands a trial by jury.

Dated:  October 17, 2007

*s/ Bruce R. Heurlin*
Bruce R. Heurlin
KARP HEURLIN WEISS
3060 North Swan Road
Tucson, Arizona  85712-1225
(520) 325-4200 Telephone
(520) 325-4224 Facsimile

Of Counsel:

Michael E. Zeliger
David A. Simons
Jackson Ho
KIRKPATRICK & LOCKHART
  PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts  02111
(617) 261-3100 Telephone
(617) 261-3175 Facsimile

*Attorneys for Plaintiff*
*CytoLogix Corporation*